very much doubting as to the propriety of admitting the affidavit, as the court was of opinion that it was not incumbent upon the plaintiffs to produce, or to show the loss of, the original mortgage. See Laws Md. 178.), c. 9, § 7, "or a full copy of the same from the record."

---

BEALL, (HALLER v.) See Case No. 5,957.

---

## Case No. 1,163.

### BEALL v. HARRELL et al.

[The case reported under this title in 7 N. B. R. 400 is the same as Jarrell v. Harrell, Case No. 7,222.]

---

## Case No. 1,164.

### BEALL v. NEWTON.

[1 Cranch, C. C. 404.][1]

Circuit Court, District of Columbia. June Term, 1807.

PLEADING — COVENANT — TRIAL — ARGUMENT OF COUNSEL — THE RIGHT TO BEGIN AND REPLY.

1. In covenant upon an issue on the plea of general performance, the plaintiff is not bound to produce the original covenant.

2. The party who holds the affirmative of the issue has the right to open and close the argument to the jury.

At law. This was an action upon a covenant in a mortgage for payment of money; plea general performance, general replication and issue.

Mr. F. S. Key, for the defendant, contended that the original covenant ought to be produced.

THE COURT (FITZHUGH, Circuit Judge, absent) said he could not demand the production of the original. He had admitted the execution of the deed and its contents. He had either had oyer or he had not. If he pleaded without oyer, he equally admitted the statement of it in the declaration to be true; if had oyer he has spread it on the record.

Mr. Key then contended, that there being a power of sale in the mortgage, the jury had a right to presume and ought to presume, that the land existed, that the title was good, that Beall had sold it, and received full satisfaction of the debt.

But THE COURT said that there was no such presumption, and that it was incumbent upon Mr. Newton to prove that Beall had sold the land, and that it had produced the money.

The defendant's witness had stated that he had heard that the land sold for one hundred and ten dollars. The plaintiff's counsel, Mr. Morsell, did not object to such testimony; and in arguing to the jury, stated it to be evidence. Mr. Key contended that

[1] [Reported by Hon. William Cranch, Chief Judge.]

it was not evidence; and so THE COURT decided.

Mr. Key claimed a right to open the argument to the jury.

DUCKETT, Circuit Judge, said that in his practice the plaintiff uniformly opened and closed.

CRANCH, Chief Judge, said that the practice of this court always had been that the party who held the affirmative, and on whom the burden of proof lay, had the right to open and close the argument to the jury; but if there were more issues than one, and the plaintiff held the affirmative in any one of the issues, the plaintiff had the right. 3 Bl. Comm. 366.

DUCKETT, Circuit Judge, acquiesced in consequence of CRANCH, Chief Judge, stating the practice to be so.

---

BEALL, (O'NEALE v.) See Case No. 10,513.

BEALL, (TRAVERSE v.) See Case No. 14,-153.

---

## Case No. 1,165.

### In re BEALS et al.

[9 Ben. 223;[1] 17 N. B. R. 107.]

District Court, S. D. New York. Oct. Term, 1877.

BANKRUPTCY — PARTNERSHIP — RESIDENCE.

A petition in involuntary bankruptcy against three persons as co-partners alleged, as the only ground of jurisdiction, that they had all of them resided in this district for a period of six months next preceding the filing of the petition. On an application by the three bankrupts, afterwards, for discharges, a creditor showed, on a proper specification, that one of the three bankrupts had not resided in this district for a period of six months next preceding the filing of the petition: *Held*, that the court did not acquire jurisdiction over all the copartners and could not grant a discharge to any of them.

[In bankruptcy. In the matter of Oliver B. Beals, Irving Holland, and Martha A. Smith.]

S. W. Fullerton, for bankrupts.

B. Low, for creditors.

BLATCHFORD, District Judge. The petition in this case, one in involuntary bankruptcy, alleged as the ground of jurisdiction, that the debtors, all three of them, had resided in this district for a period of six months next preceding the filing of the petition. No other ground of jurisdiction was alleged, nor can any other be now urged, on the petition, to sustain it. The allegation of residence or carrying on of business, in the petition, is the allegation of a jurisdictional fact, and the petition must contain an allegation showing jurisdiction in that respect. But it is open to creditors, on an application for a discharge, to show, under a proper specification of objection, that the ground of jurisdiction al-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]